IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: )
MICHAEL JOSEPH COLLINS, )
    Debtor. )
     )
_____ )
     )   1:13cv1058 (LMB/TCB)
MICHAEL JOSEPH COLLINS, )
    Appellant, )   12-14664 (RGM)
     )
    v. )
     )
MARILYN ANN SOLOMON, )
    Appellee. )

MEMORANDUM OPINION

Appellant Michael Joseph Collins ("appellant" or "Michael Collins") appeals the bankruptcy court's order denying his Motion to Dismiss Complaint. For the reasons that follow, the bankruptcy court's decision will be affirmed.

I.   BACKGROUND

On April 16, 2012, the Circuit Court of Frederick County entered a Final Divorce Decree granting Deborah Marie Collins ("Deborah Collins") a final divorce from appellant Michael Collins. Dkt. No. 1-4 at 8-14[1] ("Final Divorce Decree"). Paragraph 7 of the Final Divorce Decree ("Attorney Fees") provides:

---

[1] The record on appeal in this action has been docketed as attachments 3, 4, and 5 to the notice of appeal [Dkt. No. 1]; thus, references to the various documents included in the record will indicate in which of the attachments (docket numbers 1-3, 1-4, or 1-5) those documents may be found.

> The Wife is awarded attorney's fees in the sum of Thirty-Nine Thousand, Five-Hundred Dollars ($39,500.00). This shall be paid to the Wife's attorney, Marilyn Ann Solomon, in installments of Five Thousand Dollars ($5,000.00) per month beginning July 1, 2012, and on the first of each month thereafter until paid in full.

The parties do not dispute that the attorney's fees were incurred by Deborah Collins's counsel, appellee Marilyn Ann Solomon ("appellee" or "Solomon"), in the course of Michael and Deborah Collins's divorce proceedings.[2]

A. **Divorce Proceedings**

A brief review of the proceedings before the circuit court is appropriate here. In its Findings of Fact and Conclusions of Law dated October 6, 2011, the circuit court found that Deborah Collins had to engage in extensive pretrial motions practice due to Michael Collins's "failure to provide discovery information." Dkt. No. 1-3 at 27. The circuit court also found that Michael Collins "flagrantly failed to maintain his business records according to generally accepted accounting principles" and that he "intentionally obfuscated and understated his income, which greatly compounded the difficulty of resolving this case." Id. Concluding that Deborah Collins had incurred "very high"

---

[2] In her brief, Solomon explains that Deborah Collins actually owes her over $135,000 for her work on what was a vigorously litigated divorce proceeding, which included three separate trials and a successful appeal. See Dkt. No. 5 at 3.

2

attorney's fees, the circuit court determined that it was proper to award her $35,000 towards those fees. Dkt. No. 1-3 at 28.

Following trial, the circuit court entered an Order modifying its earlier Findings of Fact and Conclusions of Law. Dkt. No. 1-4 at 1-7. In that Order, dated March 15, 2012, the circuit court found that Deborah Collins "justifiably and stridently complained about [Michael Collins's] failure to produce his financial records" and that accurately determining Michael Collins's income "has been like pulling teeth." Dkt. No. 1-4 at 2.

Addressing Deborah Collins's petition for an additional award of attorney's fees in the amount of $85,245.23, the circuit court awarded her an additional $4,500, bringing the total attorney's fees award to $39,500, "which is to be paid to [Deborah Collins's] attorney in installments of $5,000 per month beginning July 1, 2012." Dkt. No. 1-4 at 5. The circuit court stated that this amount - less than half the amount requested - "is a very reasonable amount considering [Michael Collins's] repeated understatement of his income and obfuscation of his business records." Id.

In considering the reasonableness of the attorney's fees award under the Virginia Supreme Court's decision in Chawla v.

BurgerBusters, Inc., 255 Va. 616, 499 S.E.2d 829 (1998),[3] the circuit court determined (1) that because Deborah Collins was awarded spousal support, "it would be error not to award her attorney's fees"; (2) that the divorce proceedings were "unjustifiably compounded" by Michael Collins's "poor record keeping, co-mingling of personal and business expenses, his persistent understatement of his income, and his failing to produce his financial records in a timely fashion"; (3) that the divorce proceedings were "a business case to be evaluated based on financial evidence" that was "hidden or obfuscated" by Michael Collins; (4) that of the "thousands of domestic cases in which [the circuit court] was asked to determine the parties' income . . . this case has taken the most time to determine [Michael Collins's] income of any case ever presented"; (5) that Michael Collins "was the bookkeeper of his business, and he performed poorly in that task, which greatly increased both his and his wife's attorney's fees"; (6) that the divorce

---

[3] "In determining whether a party has established a prima facie case of reasonableness, a fact finder may consider, inter alia, the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate." Chawla v. BurgerBusters, Inc., 255 Va. 616, 623, 499 S.E.2d 829, 833 (1998) (citing Seyfarth, Shaw v. Lake Fairfax Seven Ltd. Partnership, 253 Va. 93, 97, 480 S.E.2d 471, 473 (1997)).

4

proceedings were "tantamount to business litigation, which does give rise to much higher fees"; (7) and that Michael Collins's "intransigence in producing his financial records in a timely fashion was the cause of the increased fees" and that his decision not to hire "accountants to straighten his books . . . greatly compound[ed] the litigation costs" in the divorce proceedings. Dkt. No. 1-4 at 5-7.

### B. Bankruptcy Proceedings

Following entry of the Final Divorce Decree, Michael Collins filed a Chapter 13 petition for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Virginia. In his petition, Michael Collins listed the attorney's fees as a non-priority debt and named Solomon as the creditor.

On September 18, 2012, Solomon and Deborah Collins (as co-plaintiffs) filed a Complaint to Determine Priority Status of Debts Pursuant to 11 U.S.C. § 507(a)(1)(A) and Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(5) & 523(a)(15). Dkt. No. 1-4 at 17-20 ("Complaint"). The Complaint alleges that Michael Collins failed to make spousal support and equitable distribution payments to Deborah Collins, seeks a judgment that Michael Collins's debt is non-dischargeable, and prays for an award of $14,400 for spousal support and $32,700 for equitable distribution. Compl. ¶¶ 11, 13, ad damnum ¶ 1(b).

5

The Complaint also alleges that Michael Collins "has failed to pay the attorney's fees to Plaintiff Solomon as he was ordered in the Final [Divorce] Decree," seeks a judgment that Michael Collins's debt for those attorney's fees is non-dischargeable, and prays for an award of attorney's fees to Solomon in the amount of $39,500. Complaint ¶ 12, ad damnum ¶ 1(a).

On April 29, 2013, Deborah Collins, acting pro se, filed her own Chapter 7 petition for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Virginia. In re Deborah Marie Collins, No. 13-11974 (BFK) (Bankr. E.D. Va. 2013).[4] The same day, Deborah Collins terminated her attorney-client relationship with Solomon. See Dkt. No. 1-4 at 15. In her e-mail to Solomon, Deborah Collins thanked her for her services, adding that she was worn out: "This has been too trying on me, both mentally and financially the strain has wiped me out." Id.

Shortly thereafter, on May 6, 2013, Michael Collins filed the Motion to Dismiss Complaint that is the subject of this appeal. Dkt. No. 1-5 at 1-4 ("Motion to Dismiss"). In his

---

[4] In her bankruptcy proceeding, Deborah Collins sought a discharge of the entire debt she owes Solomon, which includes the $39,500 at issue in this matter. See In re Deborah Marie Collins, No. 13-11974 (BFK), Dkt. No. 1 at 12. Deborah Collins was discharged from bankruptcy on August 12, 2013. Collins, No. 13-11974, Dkt. No. 43.

6

Motion to Dismiss, Michael Collins argued that because Deborah Collins had filed her own bankruptcy petition, terminated her attorney-client relationship with Solomon, withdrawn her claims for equitable distribution in Michael Collins's bankruptcy proceeding, and reached an agreement with Michael Collins regarding the amount of equitable distribution and attorney's fees claims ("and other issues"), the attorney's fees owed to Solomon were not "in the nature of support" and were therefore not entitled to priority in any Chapter 13 proceeding. Motion to Dismiss at 2-3. More specifically, Michael Collins argued that Solomon had no standing to assert a claim for attorney's fees in the bankruptcy court because Deborah Collins was no longer asserting such a claim on her own behalf. Motion to Dismiss at 3-4.

Although Michael and Deborah Collins's agreement is not included in the record, in his Motion to Dismiss, Michael Collins states that "[t]he settlement agreement between Debtor and Deborah Collins [provides that] each be responsible for their own fees." Motion to Dismiss at 3. At oral argument on the Motion to Dismiss, Michael Collins's counsel further stated that

> [i]n effect, [Michael and Deborah Collins] have resolved as to who is responsible for attorney's fees in each of their cases. It also deals with issues of equitable distribution. It also deals with matters of

7

> support as a practical matter. It extends the support, and that's in part in lieu of the [equitable distribution] award. It extends the alimony. It extends the child support. It provides additional items that would be certainly in the nature of child support or support regarding payment.

Dkt. No. 2 (Transcript of Proceedings for Wednesday, May 22, 2013) at 5-6. The agreement "also resolves the issue of attorney's fees, because item 1 of that agreement states that each party is to be responsible for their own attorney's fees" and provides that if the bankruptcy court does not discharge the attorney's fees, the agreement is "null and void." Dkt. No. 2 at 6, 10.

The agreement is not incorporated into the Final Divorce Decree. See Dkt. No. 2 at 6 ("THE COURT: Now, is this incorporated into a decree of the circuit court? MR. STAHL: No."). Because the agreement has not been incorporated into the Final Divorce Decree or otherwise brought to the attention of the circuit court, the bankruptcy court quite properly ignored it. This Court finds as well that the agreement does not support denying Solomon the fees she was awarded by the circuit court.

On June 10, 2013, after hearing argument on Michael Collins's Motion to Dismiss, the bankruptcy court entered orders denying the motion and affirming the non-dischargeability of the circuit court's $39,500 attorney's fees award in favor of

8

Solomon. Dkt. No. 1-2. The bankruptcy court found that the attorney's fees were "incurred in the pursuit of a spousal support award for the Debtor's ex-spouse, Deborah Marie Collins, for whom Marilyn Ann Solomon, Esq. was employed as counsel" and that Michael Collins's "obfuscation of his income during his divorce proceedings" was the cause of the attorney's fees award. Id. The bankruptcy court also found that the debt was non-dischargeable under 11 U.S.C. § 523(a)(5), which provides that "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for a domestic support obligation." Id.

On June 24, 2013, Michael Collins noticed this appeal. Dkt. No. 1. Because the matter has been fully briefed and oral argument will not assist in the decisional process this appeal will be resolved on the briefs submitted by the parties.

## II. DISCUSSION

The parties agree that the sole issue in this appeal is whether Solomon is the real party in interest under Fed. R. Bankr. P. 7017 (which incorporates Fed. R. Civ. P. 17(a)) and therefore entitled to bring a claim under 11 U.S.C. § 523(a)(5). See Collins Br. at 3 ("The sole issue of this appeal is the legal question of whether or not Marilyn Solomon was the proper party to bring this section 532(a)(5) cause of action."). Collins is not contesting the bankruptcy court's finding that

9

the attorney's fees award was "a domestic support obligation" and thus non-dischargeable under 11 U.S.C. § 523(a)(5).

### A. Standard of Review

A bankruptcy court's findings of fact may only be set aside by a district court exercising appellate review if they are clearly erroneous. Fed. R. Bankr. P. 8013. A district court's review of legal conclusions and mixed questions of law and fact is de novo. Canal Corp. v. Finnman (In re Johnson), 960 F.2d 396, 399 (4th Cir. 1992).

As the issue presented in this appeal arises out of a clause in a divorce decree entered by a state court, this Court must look to the intent of that court with respect to the obligations described in the decree. Bangert v. McCauley (In re McCauley), 105 B.R. 315, 320 (E.D. Va. 1989); see also Long v. West (In re Long), 794 F.2d 928, 931 (4th Cir. 1986) (intent of state court jury controls). The Court may look to a variety of factors to ascertain the intent of the circuit court, including all pleadings, orders, transcripts, and the language of the divorce decree itself, and the determination of intent is essentially a finding of fact. McCauley, 105 B.R. at 319.

### B. Analysis

At oral argument on the Motion to Dismiss, the bankruptcy court addressed the standing question directly:

10

> All a claim is is a right of payment. [Solomon] certainly has a right of payment, because the [Final Divorce Decree] says that [Michael Collins] will make the payment to [Solomon]. And it is an award of attorney's fees. The client cannot keep the attorney's fees for the benefit of the attorney. . . . So here, the [Final Divorce Decree] is quite plain. . . . It's an obligation to pay. So Ms. Solomon is the real party in interest. The money ends up in her hands, and in federal court, the real party in interest has a right to sue or to make the claim. This decree, as of the filing date and as of today, is what controls.[5]

Dkt. No. 2 (Transcript of Oral Argument) at 20-22. During oral argument, appellant's counsel affirmed the bankruptcy court's view of the divorce decree: "[the court] directed that [the attorney's fees award] should be satisfied, by Mr. Collins making payments to Mrs. Solomon to satisfy that obligation." Dkt. No. 2 (Transcript of Oral Argument) at 7.

Under Fed. R. Bankr. P. 4007(a), "[a]n action to determine whether a particular debt is excepted from a debtor's discharge — i.e., a 'dischargeability determination' — may be instituted either by the debtor or by any creditor." 4 Collier on Bankruptcy ¶ 523.04 at 523-18 (citing Fed. R. Bankr. P. 4007(a) ("A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt.")). The Bankruptcy Code defines "creditor" as an "entity that has a

---

[5] Appellant does not contend on appeal that the bankruptcy court erred in its reliance on the Final Divorce Decree.

11

claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10). The Code further defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5).

Here, the Final Divorce Decree awards $39,500 in attorney's fees and explicitly provides that "[t]his shall be paid to [Deborah Collins's] attorney, Marilyn Ann Solomon" in $5,000 installments on the first of each month beginning July 1, 2012 "until paid in full." Final Divorce Decree ¶ 7. Michael Collins argues on appeal that this language is not dispositive, and that specifying how the attorney's fees award is to be paid does not make Solomon the "real party in interest" in this litigation; rather, because the attorney's fees award was made to Deborah Collins and not to Solomon, Solomon has no standing. Collins Br. at 4-5.

Appellant relies in part on the bankruptcy court's decision in Macys, which concluded that because the judgment in question was in favor of the debtor's former spouse and not her attorney, the attorney lacked standing to file a dischargeability complaint under 11 U.S.C. § 523(a)(5). Macys v. Macys (In re Macys), 115 B.R. 883, 894 (Bankr. E.D. Va. 1990). The value of

12

the Macys decision is undercut by its failure to quote the specific language of the operative circuit court divorce decree, making it impossible to determine exactly how the attorney was to be paid under the decree.[6]

On the other hand, the bankruptcy court's decision in Bulman is more on point. There, the final divorce decree ordered debtor to pay his former spouse $3,500 in attorney's fees. Bulman v. Bulman (In re Bulman), 123 B.R. 24, 26 (Bankr. E.D. Va. 1990) ("Paragraph 12 of the final decree ordered the defendant to pay to the plaintiff $3,550.00 for attorney's fees."). After the debtor filed a petition for relief under Chapter 7, his former spouse initiated an adversary proceeding in part seeking a declaration that the circuit court's award of attorney's fees was nondischargeable under 11 U.S.C. § 523(a)(5). Id. at 26, 27. The debtor answered, asserting that the court was without jurisdiction to determine the dischargeability of the attorney's fees award because his former spouse's attorney was a real party in interest but had not joined the adversary proceeding. Id. at 27. Opining on that narrow issue, the bankruptcy court stated that

---

[6] For the same reason, appellant's reliance on In re Taylor is unhelpful. See In re Taylor, 252 B.R. 346, 351 (Bankr. E.D. Va. 1999) ("Because the divorce decree requires the debtor to make payment to Ms. Taylor rather than attorneys Murdoch-Kitt and McCall, the debtor has standing but attorneys Murdoch-Kitt and McCall do not.") (citing Macys, 115 B.R. at 894).

13

> [b]oth the [debtor's former spouse] and her attorney have a sufficient interest in the outcome of the attorney's fees . . . issue to make each of them a real party in interest: the [debtor's former spouse], because her liability to her attorney most likely depends on the outcome; [the attorney], because the award was expressly ordered to be paid to him.

Id. Ultimately, the bankruptcy court awarded the relief requested, but conditioned that relief on the attorney's filing of a letter ratifying the former spouse's initiation of the adversary proceeding on his behalf. Id. at 28.

As in Macys, the bankruptcy court's opinion in Bulman does not quote the language of the divorce decree, and it is unclear whether the award memorialized in that decree mentioned only the former spouse or, as in the Collins' case, also included language providing that the attorney's fees be paid to the attorney herself. Bulman, however, is helpful to the matter before this Court because the bankruptcy court found both the former spouse and her attorney to be real parties in interest, the latter "because the award was expressly ordered to be paid to [the attorney]." Bulman, 123 B.R. at 27. Although the award of attorney's fees at issue in this appeal was to Deborah Collins, the circuit court also clearly included in the order the requirement that the attorney's fees "shall be paid to the Wife's attorney, Marilyn Ann Solomon." Final Divorce Decree ¶ 7.

14

The question presented in this appeal is a matter of first impression in the Fourth Circuit; however, the Second Circuit and the Bankruptcy Appellate Panel of the Ninth Circuit have addressed similar issues and their reasoning is consistent with the Bulman decision and the decision being appealed.

In Spong, the debtor and his former spouse entered into a stipulation of settlement that was later incorporated into a final judgment of divorce. Pauley v. Spong (In re Spong), 661 F.2d 6 (2d Cir. 1981). The debtor agreed to the amount of his former spouse's attorney's fees and agreed to pay that amount in monthly installments to the attorney. Id. at 8. Addressing the question of whether the debt was dischargeable, the Second Circuit viewed the debtor's obligation to pay his former spouse's legal fees "as a paradigmatic third party beneficiary contract" where "benefits flow to both the promisee and the third party, and either may sue to enforce the contract." Id. at 10.

Similarly, in Gwinn, the California Superior Court ordered the debtor to pay for legal services rendered to the debtor's former spouse by her attorney. Porter v. Gwinn (In re Gwinn), 20 B.R. 233, 234 (B.A.P. 9th Cir. 1982). Strictly construing 11 U.S.C. § 523(a)(5), which then provided that a debtor was not discharged "from any debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of

15

both spouse or child,"[7] the trial court granted summary judgment in favor of the debtor against the attorney, holding that the attorney had no standing to assert a claim of nondischargeability. Id. Although it did not address the issue specifically, the Bankruptcy Appellate Panel of the Ninth Circuit reversed the decision of the Superior Court and, citing the Second Circuit's decision in Spong, concluded that an award of attorney's fees to an attorney in domestic relations litigation is not an assignment and was therefore nondischargeable. Id. at 234-35.

Here, there can be no dispute that the circuit court intended that Michael Collins pay Deborah Collins's attorney's fees, and appellant has admitted that conclusion through his counsel. See Final Divorce Decree ¶ 7; Dkt. No. 2 (Transcript of Oral Argument) at 7 ("[T]hat amount awarded should be satisfied, by Mr. Collins making payments to Mrs. Solomon to satisfy that obligation."). Thus, regardless of whether the Final Divorce Decree is construed to create either a first- or a third-party obligation on the part of Michael Collins to Solomon

---

[7] Compare the current text of 11 U.S.C. § 523(a)(5): "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement."

16

(as in Spong and Gwinn), the bankruptcy court correctly found that Solomon has standing to assert her claim for the attorney's fees award in an adversary proceeding before the bankruptcy court. See 11 U.S.C. §§ 101(5), (10); but see Cooley v. Sposa (In re Sposa), 31 B.R. 307, 312 (Bankr. E.D. Va. 1983) (discussing Spong and Gwinn and holding that where an attorney is not awarded attorney's fees in either a divorce settlement or by court order, he does not have standing to prosecute his claim seeking a determination of dischargeability of attorney's fees owed by a debtor).

The bankruptcy court's decision is sound both as a matter of law and of equity. Bankruptcy courts "have exercised [their] equitable powers in passing on a wide range of problems arising out of the administration of bankrupt estates" and "have been invoked to the end that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." Pepper v. Litton, 308 U.S. 295, 304-05 (1939).

The record on appeal amply demonstrates that the attorney's fees at issue were incurred by Deborah Collins and Solomon in their strenuous efforts to prosecute the underlying divorce proceedings and that the amount of the attorney's fees award was a direct result of Michael Collins's failure to produce accurate financial records and his affirmative "obfuscation" and

17

"intransigence" during those proceedings. Given Michael Collins's conduct and the language of the Final Divorce Decree, it would be unjust to allow Michael Collins - either alone or in agreement with Deborah Collins - to deprive Solomon of the compensation due to her for her advocacy and the hard-fought results she obtained on behalf of her client. This is particularly true given the intent of the circuit court in making its attorney's fees award, as expressed in both its original and supplemental findings of fact and conclusions of law and the plain language of the Final Divorce Decree.

Because the Final Divorce Decree provides that the attorney's fees award shall be paid to Solomon, the bankruptcy court's finding that she has standing to assert her claim to the amount owed in an adversarial proceeding was not clearly erroneous. Accordingly, the ruling of the bankruptcy court is affirmed.

### III. CONCLUSION

For the reasons stated above, the bankruptcy court's Order denying appellant's Motion to Dismiss is AFFIRMED and an appropriate Order shall issue with this Memorandum Opinion.

Entered this 29 day of October, 2013.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge